CENTURY MUSIC PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12840. Promulgated June 15, 1928.

*Jerome E. Malino, Esq.,* and *A. S. Gilbert, Esq.,* for the petitioner.
*Harry LeRoy Jones, Esq.,* and *John D. Kiley, Esq.,* for the respondent.

648

OPINION.

Milliken : Section 240 (a), Act of 1918, provides that affiliated corporations shall file a consolidated return and in subsection (b) it is provided that "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated if substantially all the stock of two or more corporations is owned or controlled by the same interests." This section governs the right and duty to file a consolidated return in this case.

We have repeatedly held that mere percentages of stock ownership do not control these questions, but that it is one of the elements to establish control or ownership of substantially all of the stock by the same interests. In the instant case, Leo Feist owned 80 per cent of the stock in two corporations and 96 per cent in the other; in one an employee was given 20 per cent, in another an employee was given 10 per cent, and Feist's two brothers 5 per cent each, and in the third, two employees were given 2 per cent each. In all the 30 years of existence of these corporations, they have been completely dominated, managed, and financed by Leo Feist. They were simply departments of the same business, viz, music publishing, which for certain trade reasons, were conducted as separate corporate entities. The gifts of small amounts of stock to his brothers and employees were plainly for the purposes of corporate organization and as an inducement to greater interest on the part of the employees. In all these years there has been no diverse or antagonistic interest. The business was conducted as an economic and business unit, and the interests of all were exactly the same.

Counsel for respondent insists that this case should be decided on an arithmetical basis and that 80 per cent ownership in Leo Feist is not sufficient, but the fallacy in this is that the statute does not require ownership or control in one individual. Ownership or control of substantially all of the stock of two or more corporations may rest in one or more individuals, or in a group of individuals, the only requirement being that they represent the same interests.

In *Midland Refining Co.*, 2 B. T. A. 292, it was stated:

A careful examination of the stockholdings and the relationships existing between the various holders shows that substantially all of the stock is owned or controlled by the same individuals. It seems to follow, naturally, if a group of individuals owns or controls substantially all of the stock of both corporations, and if such ownership or control is by all exercised for one purpose, namely, the joint success of the corporations, that these individuals meet the requirements of the words "the same interests."

Cf. *Adolph Hirsch & Co.*, 7 B. T. A. 707; *American Steel Co.*, 7 B. T. A. 641; *H. B. Smith Machine Co.*, 7 B. T. A. 525, and *Mahoning Coal R. R. Co.*, 4 B. T. A. 923.

In the cases of *Wadhams & Co*, 2 B. T. A. 569, and *Ullman Manufacturing Co.*, 2 B. T. A. 1294, cited by respondent, no opinions were written, but it appeared there were substantial " outside " stockholdings, as was also the case in *Great Lakes Hotel Co.*, 10 B. T. A. 120.

While it was held in *D. S. Brandon*, 10 B. T. A. 1118, that 80 per cent was not a sufficient sum to constitute direct ownership of substantially all the stock of a corporation, affiliation was ordered in that case because it appeared that the petitioner controlled the other 20 per cent.

The petitioner was affiliated during the years 1920 and 1921, with Leo Feist, Inc., and the De Luxe Music Co., and under the Act of 1918, it is mandatory that a consolidated return be filed.

*Judgment will be entered under Rule 50.*